UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CR-216-FL-7

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MOHAMMAD OMAR ALY HASSAN | ) |
| Defendants. | ) |

### DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTIONS *IN LIMINE* AND INCORPORATED MEMORANDUM OF LAW

Defendant Omar Hassan files the objections set forth below to Government's Motion *in Limine* filed at D.E. # 1046. This Court granted Defendant Hassan's motion to for extension of time to file his response. Accordingly, this response is timely filed. As set forth below, Defendant Omar Hassan joins in the objections filed by co-defendants (D.E. #'s 1154, 1156 and 1160) and requests that this Honorable Court deny the Government's three motions *in limine*.

### ARGUMENT

**I. Self Serving Hearsay**

Defendant Omar Hassan adopts and incorporates herein by reference the arguments and citations (including *U.S. v. Mohr*, F.3d. 613, 626 (4th Cir. 2003), *U.S. v. Ellis*, 121 F.3d 908, 921 (4th Cir. 1997), *U.S. v. Bollin,* 264 F.3d 391, 414 (4th Cir. 1997) and *U.S. v. Williams,* 106 F.3d 1173, 1177 (4th Cir. 1997) as set forth in Dylan Boyd's opposition memorandum (D.E. # 1154, filed 6/20/11); Ziyad Yaghi's objection memorandum (D.E. # 1160, filed 6/20/11); and Hysen Sherifi's Response (D.E. # 1156, filed 6/20/11). Defendant Omar Hassan submits that the request for a "blanket"

prohibition of "self-serving hearsay" that the Government fails to disclose or even describe prior to trial is premature. Defendant Omar Hassan agrees with the other Defendants that the "rule of completeness" may very well come in to play if the Government introduces particular portions of Defendant's statements. Moreover, exculpatory statements may be admissible under Fed. Rule Evid. 801(d)(1)(B) as prior consistent statements: A statement is not hearsay under subsection subsection (d)(1)(B) if "consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive."

## II. Arguments/Questioning That Would Lead to Disclosure of Material Deleted from Discovery

Defendant Omar Hassan again adopts and incorporates herein by reference the arguments and citations of the co-defendants Dylan Boyd, Ziyad Yaghi and Hysen Sherifi, at D.E. #'s 1154, 1156 and 1160.

## III. Arguments That Conduct Was Protected By the First Amendment

The Government's motion *in limine* seeks to preclude the defense from arguing that the Defendants' speech is protected by the First Amendment. While the First Amendment "provides no protection for the conduct of providing resources knowing and intending that they be used for crimes of violence," the Government is not entitled to make a unilateral determination that the defendant engaged in unlawful conduct. D.E. # 1046, p. 4. Instead, the question of whether the Defendants' words constitute material support or independent advocacy is for the jury to decide at trial. *See U.S. v. Matthews,* 485 U.S. 58, 63 (1988) (holding that "a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor"). As recognized by the jury instructions provided in a recent case analogous

to this one, attached hereto as **Exhibit A**, "evidence relating to the First Amendment, whether protected or not, may be considered . . . [t]he appropriate weight, if any, for you to give to such evidence is for you, the jury, to decide." Further, a "First Amendment defense" jury instruction is specifically provided for in one of the most commonly used Jury Instructions books. **Exhibit B** attached hereto, 4th Cir. Jury Instructions, Horne, 4.37.

The freedom of speech, the freedom of religion, and the freedom to associate guaranteed by the United States Constitution allows an individual to speak out on a broad range of ideas, practice his or her religion, and associate with whomever he or she desires. The First Amendment proscribes the Government from criminalizing the expression of views, including the "advocacy of the use of force or of law violation," unless the advocacy is specifically motivated to bring to fruition such violent conduct in the imminent future. *Brandenburg v. Ohio*, 395 U.S. 444, 447 (1969); *See U.S. v. Fleschner*, 98 F.3d 155, 158 (4th Cir. 1996) (stating that a First Amendment defense is proper where the speaker's words are mere abstract ideas). As the United States Supreme Court recently affirmed, an application of the material support statute to speech or advocacy directly implicates the First Amendment. *See Holder v. Humanitarian Law Project,* 130 S.Ct. 2705, 2730 (2010) (considering parallel material support statute 18 U.S.C. § 2339B and stating "[a]ll this is not to say that any future applications of the material-support statute to speech or advocacy will survive First Amendment scrutiny" and "[i]n particular, we in no way suggest that a regulation of independent speech would pass constitutional muster, even if the Government were to show that such speech benefits foreign terrorist organizations"). The charges against the Defendant Omar Hassan, which include conspiring to provide material support to terrorists, appear to be

premised in large part upon statements, religious beliefs, and associations with certain individuals. As a result, the Government's attempt to avoid a defense related to the First Amendment by claiming that the defendant engaged in unlawful conduct is untenable. Only the jury may determine the existence of any of the charged conspiracies and acts in furtherance thereof.

In order to meet its burden of proof in this case, the Government must show that the Defendant conspired to provide material support or resources "knowing or intending" that they be used in preparation for, or in carrying out, a conspiracy to commit murder overseas. 18 U.S.C. § 2339A (2010). To satisfy this "high scienter requirement," the Government is free to argue that the Defendant's words establish his intent to join the charged conspiracies. *U.S. v. Sattar,* 314 F.Supp.2d 279, 301 (S.D.N.Y. 2004). Likewise, the Defendant is entitled to argue that through his words, he intended to express his viewpoints while seeking clarity on his religious beliefs, which constitutes speech that is protected by the First Amendment. Therefore, to the extent that the Defendant is prosecuted in relation to his speech, the Government cannot eliminate the First Amendment from this case.

Material support rarely takes the form of speech, but when it does, 18 U.S.C. § 2339A covers only a narrow category of speech that the speaker knows and intends to be used in preparation for, or in carrying out, a violation of statutes prohibiting violent terrorist acts. *See Holder,* 130 S.Ct. at 2723 (stating that material support "most often does not take the form of speech at all"). Speech that "imparts a 'specific skill' or communicates advice derived from 'specialized knowledge' . . . is barred;" however, "speech is not barred if it imparts only general or unspecialized knowledge." *Id.* at 2724.

Further, "independent advocacy or expression of any kind" is not material support. *Id.* at 2723. The Defendant is entitled to argue that because his speech does not fall into the narrow category defined as material support, it is protected by the First Amendment. Likewise, he is free to associate with whomever he desires, even if that "other" individual may engage in unlawful activity. A defendant cannot be convicted solely under a theory of "guilt by association." A defendant must have knowingly entered into the conspiratorial agreement. The Government's contention that such a defense will confuse the jury is without merit, as it will not affect the jury's determination as to whether the content of a defendant's speech is subject to regulation pursuant to 18 U.S.C. § 2339A.

Further, the Government has not supported its position with applicable precedent. Both cases cited by the Government involve pretrial motions to dismiss rather than motions *in limine*. While the court in *Sattar,* 314 F. Supp. at 301 noted that "[t]he First Amendment provides no protection for the conduct of providing resources knowing and intending that they are to be used for crimes of violence," the allegations in that case did "not concern . . . the permissible extent of advocacy." In denying the defendant's motion to dismiss, the court simply held that 18 U.S.C. § 2339A was not unconstitutionally vague. *Id.* at 303. In addition, the court in *U.S. v. Lindh,* 212 F.Supp.2d 541, 579 (E.D. Va. 2002) denied the defendant's motion to dismiss on the basis that the defendant's argument was "essentially that the evidence will not bear out the charges . . . [t]his argument is premature." Similarly, the Government's conclusion that the Defendants' speech is not protected by the First Amendment is premature and flies in the face of approved jury instructions on the First Amendment defense. Therefore, these cases do not

support the Government's motion *in limine*, and the issue of whether or not each Defendant engaged in unlawful conduct is a determination to be made by the jury at trial.

The "charges in this case do not prohibit . . . promoting and supporting the beliefs, goals, or means for achieving" the objectives of a terrorist group. **Exhibit A**. Instead, "[w]hat is prohibited by the charging statutes is the act of giving 'material support or resources,' . . . to such a group." **Exhibit A**. Therefore, the First Amendment is clearly implicated in this case, and the jury will decide whether each Defendant's words show his intent to join the charged conspiracies, or simply constitute "independent speech" that is protected by the First Amendment. Because the Government is not entitled to unilaterally determine that each Defendant in this case engaged in unlawful conduct, the Government's Motion *in Limine* should be denied.

## CONCLUSION

For the reasons set forth above, Defendant Omar Hassan respectfully requests that this Court deny each of the Government's motions *in limine*.

This the 23rd day of June, 2011.

**Nexsen Pruet, PLLC**

/s R. Daniel Boyce
_____
R. Daniel Boyce
N.C. State Bar No. 12329
4141 Parklake Avenue, Suite 200
Raleigh, North Carolina 27612
Telephone: (919) 653.7825
Facsimile: (919) 833-7536
dboyce@nexsenpruet.com
*Attorney for Defendant Hassan*

# **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed with the clerk of court for the Eastern District of North Carolina and served on counsel of record via electronic transmission as follows:

Barbara D. Kocher, Esq.
Assistant U.S. Attorney
John S. Bowler, Esq.
Assistant U.S. Attorney
Suite 800, Federal Building
310 New Bern Avenue
Raleigh, NC  27601-1461

Debra Carroll Graves
Assistant Federal Public Defender
Rosemary Godwin
Assistant Federal Public Defender
Federal Public Defender's Office
150 Fayetteville Street, Suite 400
Raleigh, North Carolina 27601
*Attorney for Daniel Boyd*

Robert J. McAfee
McAfee Law, P.A.
P.O. Box 905
New Bern NC 28563
rjm@mcafee-law.com
*Attorney for Sherifi*

Paul K. Sun
Ellis & Winters
Post Office Box 33550
Raleigh, North Carolina 27636
*Attorney for Subasic*

Myron T. Hill, Jr.
200 E. Fourth Street
P. O. Box 859
Greenville, NC  27835-0859
mhill@browning-hill.com
*Attorney for Zakariya Boyd*

Joseph E. Zeszotarski, Jr.
Poyner Spruill LLP
P.O. Box 1801
Raleigh, NC 27602
jzeszotarski@poyners.com
*Attorney for Dylan Boyd*


James M. Ayers, II
Post Office Box 1544
New Bern, North Carolina 28563
Jimayers2@embarqmail.com
*Attorney for Defendant Yaghi*

    This the 23rd day of June, 2011.

**Nexsen Pruet, PLLC**

/s R. Daniel Boyce
_____
R. Daniel Boyce
N.C. State Bar No. 12329
4141 Parklake Avenue, Suite 200
Raleigh, North Carolina 27612
Telephone: (919) 653.7825
Facsimile: (919) 833-7536
dboyce@nexsenpruet.com
*Attorney for Defendant Hassan*